IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARRIN HOUSTON,<br>    ID # 1576397,<br>        Petitioner,<br><br>vs.<br><br>DIRECTOR, Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | )<br>)<br>)<br>)<br>)   No. 3:19-CV-901-L-BH<br>)<br>)<br>)<br>)   Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on April 15, 2019 (doc. 3). Based on the relevant filings and applicable law, the petition should be **DISMISSED** as moot.

### I.    BACKGROUND

Darrin Houston (Petitioner), an inmate formerly incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2010 conviction and life sentence for aggravated sexual assault in Case No. F-09-73144-X in the Criminal District Court No. 6 of Dallas County, Texas. (*See* doc. 3 at 2-3; doc. 10-6 at 45.) The respondent is the Director of TDCJ-CID (Respondent). (*See* doc. 3 at 1.)

The § 2254 petition raises two grounds for relief: (1) "Due process violated by Trial Court Judge Refusual [sic] to reply to Art. § 11.074 of TX.C.Crim.Procd. [sic] Hebeas [sic] Appointment of Counsel"; and (2) "At trial Petitioner was prohibited to call charging witness due to State

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

withholding complainant's [sic] identity thuse [sic], Denied The Confrontation Clause of the 6th Amendment." (*Id.* at 6.) Respondent filed a response on July 10, 2019, and Petitioner filed a reply on August 22, 2019. (*See* docs. 9, 13.)

On January 3, 2022, Respondent filed a notice stating that Petitioner had died in TDCJ-CID custody on April 18, 2020, while serving the challenged conviction and sentence. (*See* doc. 20.)

## II.  MOOTNESS

Respondent contends that Petitioner's death renders his § 2254 petition moot. (*See id.*)

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case or controversy becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a "personal stake in the outcome" of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citations omitted). If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990).

Here, Respondent provided a Custodial Death Report showing that Petitioner died in TDCJ-CID custody on April 18, 2020, while his § 2254 petition was pending. (*See* doc. 20-1 at 2-7.) The Fifth Circuit has held that a habeas petitioner's "death moots his federal habeas corpus claim," and has remanded pending habeas cases with directions to dismiss the petitions as moot

after a petitioner's death. *Soffar v. Davis*, 653 F. App'x 813, 814 (5th Cir. 2016); *see also Ellis v. King*, 792 F. App'x 335, 335-36 (5th Cir. 2020) (per curiam); *Knapp v. Baker*, 509 F.2d 922, 922 (5th Cir. 1975). Accordingly, the § 2254 petition should be dismissed as moot.

### III. RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on April 15, 2019 (doc. 3), should be **DISMISSED** as moot.

**SIGNED this 7th day of January, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE